UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| W.S. MOLNAR CO. d/b/a SLIPNOT METAL SAFETY FLOORING,<br>　　　　　　Plaintiff<br>　v.<br><br>GLOBAL METALS CORPORATION, TRITON STRUCTURAL CONCRETE, INC., ALLEGHENY CASUALTY COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,<br>　　　　　　Defendants | Civil Action No. 14-cv-4461(MKB)(VMS)<br><br><br>**ANSWER and CROSS-CLAIM** |

　　　　Defendants, Triton Structural Concrete, Inc. ("Triton") and Liberty Mutual Insurance Company ("Liberty") by way of answer to the complaint of Plaintiff, W. S. Molnar d/b/a SlipNot Metal Safety Flooring ("SlipNot") says:

**Parties**

1. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

2. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

3. Triton and Liberty admit the allegations of this paragraph of the complaint.

4. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

5. Triton and Liberty admit the allegations of this paragraph of the complaint.

1

## Jurisdiction and Venue

6. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph the complaint.

7. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

8. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

## Facts Common To All Counts

9. Triton and Liberty admit the allegations of this paragraph of the complaint.

10. Triton and Liberty admit the allegations of this paragraph the complaint.

11. Triton and Liberty admit the allegations of this paragraph of the complaint.

12. Triton and Liberty admit the allegations of this paragraph of the complaint.

13. Triton and Liberty admit that Triton entered into purchase orders with Defendant, Global Metals Corporation ("Global").  The Purchase Orders are writings which speak for themselves and any characterization thereof is expressly denied.

14. Triton and Liberty admit that Global obtained two payment bonds from Defendant, Allegheny Casualty Company ("Allegheny").  The Allegheny bonds are writings which speak for themselves and any characterization thereof is expressly denied.

15. Triton and Liberty admit the allegations of this paragraph of the complaint.

16. Triton and Liberty admit Liberty issued a payment bond in the amount of $105,003,433.02 for the Project. The remaining allegations are denied. Furthermore, the Liberty Bond is a writing which speaks for itself and any characterization thereof is expressly denied.

17. Triton and Liberty admit the allegations of this paragraph of the complaint.

18. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

19. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

20. Triton and Liberty deny the allegations of this paragraph of the complaint.

21. Triton and Liberty deny the allegations of this paragraph of the complaint.

22. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph the complaint, except they admit that a copy of an agreement dated March 29, 2013 is attached as Exhibit 2.

23. Triton and Liberty deny the allegations of this paragraph of the complaint.

24. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

25. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

26. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

27. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

28. Triton and Liberty deny the allegations of this paragraph of the complaint.

29. Triton and Liberty deny the allegations of this paragraph of the complaint.

30. Triton and Liberty deny the allegations of this paragraph of the complaint.

31. Triton and Liberty deny the allegations of this paragraph of the complaint.

32. Triton and Liberty deny the allegations of this paragraph of the complaint.

33. Triton and Liberty deny the allegations of this paragraph of the complaint.

34. Triton and Liberty deny the allegations of this paragraph of the complaint.

## Count One

35. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

36. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

37. Triton and Liberty deny the allegations of this paragraph of the complaint.
38. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.
39. Triton and Liberty deny the allegations of this paragraph the complaint.

## Count Two

40. Triton and Liberty admit that SlipNot presented a claim to Triton. The remaining allegations are denied.
41. Triton and Liberty deny the allegations of this paragraph of the complaint.
42. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.
43. Triton and Liberty deny the allegations of this paragraph of the complaint.
44. Triton and Liberty deny the allegations of this paragraph of the complaint.
45. Triton and Liberty deny the allegations of this paragraph of the complaint.
46. Triton and Liberty deny the allegations of this paragraph of the complaint.
47. Triton and Liberty deny the allegations of this paragraph of the complaint.

## Count Three

48. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

49. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

50. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

51. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

52. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

53. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

**Count Four**

54. Triton and Liberty deny the allegations of this paragraph of the complaint.

55. Triton and Liberty deny the allegations of this paragraph of the complaint.

56. Triton and Liberty deny the allegations of this paragraph of the complaint. The Liberty Bond is a writing which speaks for itself any characterization thereof is expressly denied.

57. Triton and Liberty deny the allegations of this paragraph of the complaint. The Liberty Bond is a writing which speaks for itself any characterization thereof is expressly denied.

58. Triton and Liberty deny the allegations of this paragraph of the complaint.

59. Triton and Liberty deny the allegations of this paragraph of the complaint.

**Count Five**

60. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

61. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

62. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

63. Triton and Liberty deny the allegations of this paragraph of the complaint.

64. Triton and Liberty admit that Liberty issued a bond discharging public improvement lien in the amount of $264,847. The remaining allegations are denied. Furthermore, the bond discharging public improvement lien is a writing which speaks for itself and any characterization thereof is expressly denied.

65. After a reasonable investigation, Triton and Liberty are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the complaint.

66. Triton and Liberty deny the allegations of this paragraph of the complaint.

### Count Six

67. Triton and Liberty deny the allegations of this paragraph of the complaint.

68. Triton and Liberty deny the allegations of this paragraph of the complaint.

69. Triton and Liberty deny the allegations of this paragraph of the complaint.

### Count Seven

70. Triton and Liberty deny the allegations of this paragraph of the complaint.

71. Triton and Liberty deny the allegations of this paragraph of the complaint.

72. Triton and Liberty deny the allegations of this paragraph of the complaint.

73. Triton and Liberty deny the allegations of this paragraph of the complaint.

74. Triton and Liberty deny the allegations of this paragraph of the complaint.

### Count Eight

75. Triton and Liberty deny the allegations of this paragraph of the complaint.

76. Triton and Liberty deny the allegations of this paragraph of the complaint.

### Separate Defenses

1. SlipNot fails to state a claim upon which relief can be granted.

2. SlipNot's claims are barred as Triton performed its contractual obligations.

3. SlipNot's claims are barred as Liberty performed its contractual obligations.

4. SlipNot's claims are barred as Triton breach no duty, if any, owed to SlipNot.

5. SlipNot's claims are barred as Liberty breached no duty, if any, owed to SlipNot.

6. SlipNot's damages, if any, was a result of its own actions, inactions and/or omissions and/or the actions, inactions and/or omissions of third parties over

which Triton and Liberty had no control and for whose actions, inactions and/or omissions they cannot be held liable.

7. SlipNot's claims are barred or limited by the terms and conditions of Liberty's payment bond.

8. SlipNot's claims are barred to the extent it seeks recovery from Liberty for items which are beyond the scope of Liberty's payment bond including, but not limited to, interest, attorney's fees, liquidated damages and/or lost profits.

9. Liberty's liability, if any, is limited by and cannot exceed the penal sum of its payment bond.

10. SlipNot's claims are barred or limited by the terms and conditions of Liberty's bond discharging public improvement lien.

11. Slipknot's claims are barred to the extent that it seeks recovery for items which are beyond the scope of Liberty's bond discharging public improvement lien including, but not limited to, interest, attorney's fees, liquidated damages and for lost profits.

12. Liberty's liability, if any, is limited by and can exceed the penal sum of its bond discharging public improvement lien.

13. SlipNot's claims are barred by the breach of the implied covenant of good faith and fair dealing.

14. SlipNot's claims are barred as it is been paid in full pursuant to its agreement with Global.

15. SlipNot's claims are barred by the terms of its agreement with Global.

16. SlipNot's claims are barred since it sustained no damages.

17. SlipNot's claims are barred by its failure to mitigate damages, if any.

18. SlipNot's claims are barred by §39 of the New York Lien Law.

19. SlipNot's claims are barred as its notice of lien was willfully exaggerated and overinflated.

20. Slipknot's claims are barred by New York State Finance Law §137.

**WHEREFORE**, Triton and Liberty demand judgment dismissing the complaint and awarding them attorney's fees, costs of suit and such other relief as this court deems just and proper.

## Cross-Claim

Triton and Liberty, by way of cross-claim against Global and Allegheny says:

## First Count

1. In the event Triton and/or Liberty are found liable to SlipNot, such liability being expressly denied, then Triton and/or Liberty assert that Global is solely liable to SlipNot or liable over to Triton and/or Liberty and/or is jointly and severally liable to SlipNot for any damages which SlipNot may prove at trial, such liability of Triton and/or Liberty being expressly denied.

2. Accordingly, Triton and/or Liberty are entitled to contribution and/or indemnification from Global for any amount SlipNot may recover against Triton and Liberty in this action, such liability of Triton and/or Liberty being expressly denied.

**WHEREFORE**, Triton and Liberty demand judgment against Global for indemnification and/or contribution for any judgment entered in favor of SlipNot,

together with attorney's fees, interest, costs of suit and such other and further relief as this court deems just and proper.

### Second Count

1. Triton and Liberty repeat the allegations of the First Count of this cross-claim as if fully set forth at length herein.

2. In the event Triton and/or Liberty are found liable to SlipNot, such liability being expressly denied, then Triton and/or Liberty assert that Allegheny is solely liable to SlipNot or liable over to Triton and/or Liberty and/or is jointly and severally liable to SlipNot for any damages which SlipNot may prove at trial, such liability of Triton and/or Liberty being expressly denied.

3. Accordingly, Triton and/or Liberty are entitled to contribution and/or indemnification from Allegheny for any amount SlipNot may recover against Triton and/or Liberty in this action, such liability of Triton and/or Liberty being expressly denied.

**WHEREFORE**, Triton and Liberty demand judgment against Allegheny for indemnification and/or contribution for any judgment entered in favor of SlipNot, together with attorney's fees, interest, costs of suit and such other relief as this court deems just and proper.

### Third Count

1. Triton and Liberty repeat the allegations contained in the First and Second Counts of this cross-claim as fully set forth at length herein.

2. The City of New York, acting by and through its Department of Design and Construction (the "City") entered into a public improvement contract with Triton

for the Phase 3 Beachfront Restoration Project: New Prefabricated Modular Building Units, Contract No. 1 SANDPREFAB, Comptroller's Contract Registration No. 20131421425 (the "Project").

3. The Project involved the manufacturing and installation of prefabricated modular building units.

4. Beginning in or about March 2013, Triton and Global entered into purchase orders including, but not limited to, purchase orders 12 and 12A for, among other things, the supply and installation of various materials including, stairs, handrails, ramps, landings, bridges and related items. (the "Subcontract").

5. The Subcontract was subsequently amended on or about April 4, 2013.

6. Upon information and belief, Global purchased materials for use in the Subcontract from SlipNot.

7. Triton performed all conditions, covenants and promises required on its part to be performed in accordance with terms and conditions of the Subcontract, or was excused from performance.

8. Global breached the Subcontract by, among other things, refusing to complete its work and failing to provide labor and material in conformance with the Subcontract.

9. Pursuant to the Subcontract, Global expressly agreed to indemnify, hold harmless and defend Triton from any and all losses, damages or liabilities caused by Global, including reasonable attorney's fees, expenses and/or costs.

10. By reason of the foregoing and under the terms of the Subcontract, Triton is entitled to recover from Global all amounts which SlipNot may prove at trial as against Triton, such liability of Triton being expressly denied.

**WHEREFORE**, Triton and Liberty demand judgment against Global for indemnification for any judgment which may be entered against them and in favor of SlipNot, together with attorney's fees, interest, costs of suit and such other relief as this court deems just and proper.

### Fourth Count

1. Triton and Liberty repeat the allegations contained in the First through Third Counts of this cross-claim as if fully set forth at length herein.

2. Allegheny issued bonds, as surety, for Global in connection with the Subcontract including but not limited to, the Subcontract Performance Bond and Subcontractor Labor Material Payment Bond bearing bond number 0606890 in the penal sum of $1,500,000 and Subcontract Performance Bond and Subcontract Labor and Material Payment Bond bearing bond number 0606891 in the penal sum of $600,000 (collectively, the "Allegheny Bonds").

3. Pursuant to the Allegheny Bonds, Global and Allegheny, jointly and severally, bound themselves to Triton to secure Triton against any failure of Global to faithfully perform as required under the Subcontract and to assure payment for labor, material and equipment furnished or used in the performance of the Subcontract.

4. Without admitting any liability to SlipNot, Triton asserts that should SlipNot have any recovery as against Triton, it can only be due to Allegheny's failure to

    promptly remedy Global defaults and assure payment for labor, materials and equipment furnished for use in the performance of the Subcontract, or otherwise comply with its obligations under the Allegheny Bonds.

5. Accordingly, Triton is entitled to judgment by way of indemnification against Allegheny for all amounts which SlipNot may prove at trial as against Triton, such liability from Triton being expressly denied.

**WHEREFORE**, Triton and Liberty demand judgment against Allegheny for indemnification for any judgment which may be entered against them and in favor of SlipNot, together with attorney's fees, interest, costs of suit and such other relief as this court deems just and proper.

### Fifth Count

1. Triton and Liberty repeat the allegations contained in the First through Fourth counts of this cross-claim as if fully set forth at length herein.
2. Allegheny, as surety for Global, is primarily obligated under the Allegheny Bonds to make payment to SlipNot for any damages which SlipNot may prove at trial.
3. As between Allegheny and Liberty, Allegheny is the primary surety and Liberty is the subsurety.
4. Accordingly, Liberty is entitled to a judgment by way of indemnification against Allegheny for all amounts which SlipNot may prove at trial as against Liberty, such liability of Liberty being expressly denied.

**WHEREFORE,** Triton and Liberty demand judgment against Allegheny for indemnification for any judgments entered against them and in favor of SlipNot, together with attorney's fees, interest, costs as suit and such other and further relief as this court deems just and proper.

                                  **ALONGI & ASSOCIATES, LLC**
                                  Attorneys for Defendants, Triton
                                  Structural Concrete, Inc. and Liberty
                                  Mutual Insurance Company

Dated: September 26, 2014                  _____/s/Paul A. Alongi_____
                                                                      By: Paul A. Alongi, Esquire