UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

W.S. MOLNAR CO. d/b/a SLIPNOT METAL
SAFETY FLOORING,

                              Plaintiff,

               -against-

GLOBAL METALS CORPORATION,
TRITON STRUCTURAL CONCRETE, INC.,
ALLEGHENY CASUALTY COMPANY, and
LIBERTY MUTUAL INSURANCE
COMPANY

                              Defendants.
--------------------------------------------------------------X

Civil Action No.:
14-cv-04461(MKB)(VMS)


**ANSWER WITH**
**CROSSCLAIM**


        Defendant, Global Metals Corporation ("Global Metals" or "Answering Defendant"), by

its attorneys, D'Agostino, Levine, Landesman & Lederman, LLP, as and for its answer to the

allegations of the plaintiff, W.S. Molnar Co. d/b/a SlipNot Metal Safety Flooring's ("Plaintiff")

complaint (the "Complaint"), states as follows:

        1.      Denies knowledge or information sufficient to form a belief about the truth of the

allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

        2.      Denies the truth of each and every allegation set forth in Paragraph 2 of the

Plaintiff's Complaint except admits that defendant Global Metals is a duly organized corporation

under the laws of the State of California with an address of 11403 West Bernardo Ct., San Diego,

California 92127.

        3.      Denies knowledge or information sufficient to form a belief about the truth of the

allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

        4.      Denies knowledge or information sufficient to form a belief about the truth of the

allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5.      Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6.      Paragraph 6 of the Plaintiff's Complaint sets forth legal conclusions of which Global Metals refers to the Court for their determination.

7.      Paragraph 7 of the Plaintiff's Complaint sets forth legal conclusions of which Global Metals refers to the Court for their determination.

8.      Paragraph 8 of the Plaintiff's Complaint sets forth legal conclusions of which Global Metals refers to the Court for their determination.

9.      Admits the allegations set forth in paragraph 9 of the Plaintiff's Complaint and affirmatively states that the project, which is identified as the Beachfront Restoration Project, entailed the restoration of public beaches which were damaged by Hurricane Sandy.

10.     Admits the allegations set forth in Paragraph 10 of the Plaintiff's Complaint.

11.     Admits the allegations set forth in Paragraph 11 of the Plaintiff's Complaint.

12.     Admits the allegations set forth in Paragraph 12 of the Plaintiff's Complaint and affirmatively states that defendant Global Metals was a subcontractor which was awarded the steel work portion of the project and additionally worked directly for defendant Triton under the Three Way Agreement dated March 29, 2013, which is incorporated by referenced herein.

13.     Denies the truth of each and every allegations set forth in Paragraph 13 of the Plaintiff's Complaint, respectfully refers the Court to the referenced document for its complete terms and affirmatively states that defendant Global Metals was a subcontractor hired to perform certain steel work for the project.

14. Admits the allegations set forth in Paragraph 14 of the Plaintiff's Complaint that payment bonds were issued and respectfully refers the Court to the referenced documents for their terms and conditions.

15. Admits the allegations set forth in Paragraph 15 of the Plaintiff's Complaint.

16. Admits the allegations set forth in Paragraph 16 of the Plaintiff's Complaint that payment bonds were issued and respectfully refers the Court to the referenced documents for their terms and conditions.

17. Admits the allegations set forth in Paragraph 17 of the Plaintiff's Complaint.

18. Denies the truth of each and every allegation set forth in Paragraph 18 of the Plaintiff's Complaint, but admits that a purchase order was issued to Plaintiff.

19. Denies the truth of each and every allegation set forth in Paragraph 19 of the Plaintiff's Complaint, but admits that a sales quote (SQ13-62497) was issued by Plaintiff, which listed various parts (including their quantities, dimensions and compositions) and called for a total contract sum of $832,291.00. Defendant Global Metals respectfully refers the Court to the referenced document for its terms and conditions.

20. Denies the truth of each and every allegation set forth in Paragraph 20 of the Plaintiff's Complaint and affirmatively states that Plaintiff was directed to proceed forward at the direction and/or the request of defendant, Triton Structural Concrete, Inc. ("Triton").

21. Denies the truth of each and every allegation set forth in Paragraph 21 of the Plaintiff's Complaint. Defendant Global Metals respectfully refers the Court to the Three-Way Agreement for its terms and conditions.

22.     Denies the truth of each and every allegation set forth in Paragraph 22 of the Plaintiff's Complaint, but admits that a Three-Way Agreement was executed by the parties and respectfully refers the Court to the referenced document for its complete terms and conditions.

23.     Denies the truth of each and every allegation set forth in Paragraph 23 of the Plaintiff's Complaint.

24.     In response to Paragraph 24, defendant Global Metals objects to the defined term and its inclusion of the SlipNot Terms.

25.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 25 of the Plaintiff's Complaint.

26.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 of the Plaintiff's Complaint.

27.     Denies the truth of each and every allegation set forth in Paragraph 27 of the Plaintiff's Complaint.

28.     Denies the truth of each and every allegation set forth in Paragraph 28 of the Plaintiff's Complaint and respectfully refers the Court to the referenced documents for their terms and conditions.

29.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 of the Plaintiff's Complaint.

30.     Denies the truth of each and every allegation set forth in Paragraph 30 of the Plaintiff's Complaint and affirmatively states that Plaintiff was directed to proceed forward at the direction or and/or request of defendant Triton.

31.     Denies the truth of each and every allegation set forth in Paragraph 31 of the Plaintiff's Complaint and affirmatively states that materials were supplied by Plaintiff for which defendant Triton tendered joint checks payable to both defendant Global Metals and Plaintiff.

32.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 of the Plaintiff's Complaint.

33.     Denies the truth of each and every allegation set forth in Paragraph 33 of the Plaintiff's Complaint.

34.     Denies the truth of each and every allegation set forth in Paragraph 34 of the Plaintiff's Complaint.

35.     Denies the truth of each and every allegation set forth in Paragraph 35 of the Plaintiff's Complaint.

36.     Denies the truth of each and every allegation set forth in Paragraph 36 of the Plaintiff's Complaint.

37.     Denies the truth of each and every allegation set forth in Paragraph 37 of the Plaintiff's Complaint.

38.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 of the Plaintiff's Complaint.

39.     Denies the truth of each and every allegation set forth in Paragraph 39 of the Plaintiff's Complaint.

40.     Denies the truth of each and every allegation set forth in Paragraph 40 of the Plaintiff's Complaint, but admits that a claim was made by Plaintiff.

41.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 of the Plaintiff's Complaint.

42.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 of the Plaintiff's Complaint.

43.     Denies the truth of each and every allegation set forth in Paragraph 43 of the Plaintiff's Complaint.

44.     Denies the truth of each and every allegation set forth in Paragraph 44 of the Plaintiff's Complaint and respectfully refers the Court to the referenced document for its complete terms.

45.     Denies the truth of each and every allegation set forth in Paragraph 45 of the Plaintiff's Complaint.

46.     Denies the truth of each and every allegation set forth in Paragraph 46 of the Plaintiff's Complaint.

47.     Denies the truth of each and every allegation set forth in Paragraph 47 of the Plaintiff's Complaint.

48.     Denies the truth of each and every allegation set forth in Paragraph 48 of the Plaintiff's Complaint as it pertains to defendant Global Metals and denies knowledge or information sufficient to form a belief about the remaining allegations.

49.     Denies the truth of each and every allegation set forth in Paragraph 49 of the Plaintiff's Complaint to the extent it pertains to defendant Global Metals.

50.     Denies the truth of each and every allegation set forth in Paragraph 50 of the Plaintiff's Complaint and respectfully refers the Court to the referenced documents for their terms and conditions.

51.     Denies the truth of each and every allegation set forth in Paragraph 51 of the Plaintiff's Complaint.

52.     Denies the truth of each and every allegation set forth in Paragraph 52 of the Plaintiff's Complaint.

53.     Denies the truth of each and every allegation set forth in Paragraph 53 of the Plaintiff's Complaint.

54.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 54 of the Plaintiff's Complaint.

55.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 of the Plaintiff's Complaint.

56.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 56 of the Plaintiff's Complaint.

57.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57 of the Plaintiff's Complaint.

58.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 of the Plaintiff's Complaint.

59.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 59 of the Plaintiff's Complaint.

60.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 60 of the Plaintiff's Complaint and respectfully refers all legal conclusions to the Court for their determination.

61.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 61 of the Plaintiff's Complaint and respectfully refers all legal conclusions to the Court for their determination.

62.      Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 62 of the Plaintiff's Complaint.

63.      Denies the truth of each and every allegation set forth in Paragraph 63 of the Plaintiff's Complaint and respectfully refers all legal conclusions to the Court for their determination.

64.      Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 64 of the Plaintiff's Complaint and respectfully refers the Court to the referenced document for its complete terms.

65.      Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 65 of the Plaintiff's Complaint.

66.      Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 66 of the Plaintiff's Complaint.

67.      Denies the truth of each and every allegation set forth in Paragraph 67 of the Plaintiff's Complaint.

68.      Denies the truth of each and every allegation set forth in Paragraph 68 of the Plaintiff's Complaint.

69.      Denies the truth of each and every allegation set forth in Paragraph 69 of the Plaintiff's Complaint.

70.      Denies the truth of each and every allegation set forth in Paragraph 70 of the Plaintiff's Complaint.

71.      Denies the truth of each and every allegation set forth in Paragraph 71 of the Plaintiff's Complaint.

72.     Denies the truth of each and every allegation set forth in Paragraph 72 of the Plaintiff's Complaint.

73.     Denies the truth of each and every allegation set forth in Paragraph 73 of the Plaintiff's Complaint.

74.     Denies the truth of each and every allegation set forth in Paragraph 74 of the Plaintiff's Complaint.

75.     Denies the truth of each and every allegation set forth in Paragraph 75 of the Plaintiff's Complaint.

76.     Denies the truth of each and every allegation set forth in Paragraph 76 of the Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

77.     The Plaintiff has been paid in full for the services it rendered at the request of, and on behalf of, defendant Global Metals.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

78.     To the extent Plaintiff is damaged, as alleged in Plaintiff's Complaint, Plaintiff's recovery is against defendant Triton, not defendant Global Metals.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

79.     Plaintiff waived any/all rights and claims it had as against defendant Global Metals by its execution of lien waivers and releases.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

80.     To the extent Plaintiff is damaged, Plaintiff's injury was caused by the acts or inactions of third parties, not by the actions or inactions of defendant Global Metals.

## AS AND FOR DEFENDANT GLOBAL METALS CORPORATION'S FIRST CROSS-CLAIM AGAINST DEFENDANT TRITON STRUCTURAL CONCRETE, INC.
*(Contribution and Indemnification)*

81.     Defendant Global Metals repeats and realleges the allegations contained in Paragraphs "1" through "80" above as if fully set forth herein.

82.     To the extent Plaintiff has any claim against defendant Global Metals, than defendant Global Metals is entitled to a judgment over and against defendant Triton, jointly and severally, for contribution and indemnity, including reasonable attorneys' fees and expenses it incurs in this action.

**WHEREFORE**, the defendant Global Metals Corporation ("Global Metals") respectfully demands entry of a judgment (a) dismissing the Complaint in its entirety as against defendant Global Metals; (b) granting defendant Global Metals' first cross-claim in its entirety as against defendant Triton Structural Concrete, Inc.; and (c) granting defendant Global Metals such other and further relief as this Court deems just and proper.

Dated:  New York, New York
      February 26, 2015          D'Agostino, Levine, Landesman & Lederman, LLP

                                By:       _____

                                       Bruce H. Lederman, Esq. (BL 5758)
                                       *Attorneys for the Defendant*
                                       *Global Metals Corporation*
                                       345 Seventh Avenue, 23rd Floor
                                       New York, NY  10001
                                       Tel:    (212) 564-9800
                                       Fax:    (212) 564-9802
                                       blederman@dagll.com